Singh v. Lynch

BIA
Balasquide, IJ
A087 992 903

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand sixteen.

PRESENT:
        BARRINGTON D. PARKER,
        REENA RAGGI,
        DENNY CHIN,
                *Circuit Judges.*

_____

AMANBIR SINGH,
        *Petitioner,*

        v.                                          14-2365
                                                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Sanjay Chaubey, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Blair
                         O'Connor, Assistant Director;
                         Timothy Bo Stanton, Trial Attorney,

Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Amanbir Singh, a native and citizen of India, seeks review of a June 5, 2014 decision of the BIA, affirming a May 13, 2013 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Amanbir Singh,* No. A087 992 903 (B.I.A. June 5, 2014), *aff'g* No. A087 992 903 (Immig. Ct. N.Y.C. May 13, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case, which we reference only as necessary to explain our decision to deny the petition.

Because the BIA summarily affirmed the IJ's decision, we have reviewed the IJ's decision as the final administrative determination. *See Balachova v. Mukasey*, 547 F.3d 374, 380 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the IJ's determination that Singh was not credible.

The IJ reasonably found that Singh's testimony differed from his asylum applications. Singh testified that he was beaten in India twice on account of his Sikh faith, but his two asylum applications omitted any mention of these attacks and stated only that he and his family had been threatened for political reasons. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent."). When asked why his asylum applications did not reference these attacks, Singh gave evasive and nonresponsive answers. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

With Singh's credibility called into question, the IJ reasonably identified a failure to provide certain corroborating evidence to rehabilitate Singh's testimony. An applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony already called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Singh failed to present evidence of his attacks in India, either in the form of medical documentation or letters from his family. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ."). And, contrary to Singh's contention, the IJ considered the letter from the president of the Akali Dal Party and the evidence regarding country conditions in India, and reasonably found that this evidence did not support his claim of past persecution or his fear of future harm. The letter did not provide any details about the attacks that Singh purportedly suffered, and the 2012 U.S. Department of State Human Rights Report in the record details anti-Sikh violence in the 1980s, but does not reference anything more current.

4

Given the inconsistency and corroboration findings, the IJ reasonably found Singh not credible. *See Xiu Xia Lin*, 534 F.3d at 165-67. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Finally, contrary to Singh's argument, the BIA was permitted to consider the Government's untimely brief on appeal. *See* 8 C.F.R. § 1003.3(c)(1) ("In its discretion, the Board may consider a brief that has been filed out of time.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5